IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT J. McCARTHY, | : | CIVIL ACTION - LAW |
| Plaintiff | | |
| | | |
| vs. | : | |
| | | |
| JEFFREY S. DARMAN, et al., | | |
| Defendants | : | NO.  07-3958 |

**PLAINTIFF'S MOTION TO DETERMINE
SUFFICIENCY OF DEFENDANTS' RESPONSE
TO REQUESTS FOR ADMISSIONS OF PLAINTIFF,
ALBERT J. McCARTHY, UNDER RULE 36(a)(6)**

Plaintiff, Albert J. McCarthy ("McCarthy") by and through his counsel, Justin J.

McCarthy, Esquire, respectfully moves this Honorable Court pursuant to F.R.C.P.

36(a)(6) for an Order to determine the sufficiency of the answers and/or objections posed

by the defendants to certain of Plaintiff's Requests for Admissions under Rule 36 served

on defendants on January 11, 2008 and McCarthy avers in support thereof as follows:

1.      McCarthy was Chief of Police of the Borough of Kennett Square, Chester

County, Pennsylvania ("Borough") between February 1988 and August/September 2007,

having been duly sworn to that office on February 15, 1988.

2.      Defendants ended McCarthy's tenure as Chief of Police of the Borough in

clear violation of law in a series of actions beginning on or about July 26, 2007 and

continuing into September of 2007 during which period he was first wrongfully

suspended and ultimately terminated constructively.

3.      At all material times, the seven defendant Councilmen were aided, abetted

and assisted by the Borough Solicitor, defendant, Marc D. Jonas, Esquire ("Jonas"), and

his assistant, defendant, Grace M. Deon, Esquire ("Deon"), who acted in concert with the Council and who were motivated in part by personal animus towards McCarthy.

4.      On January 11, 2008, McCarthy served defendants with Requests for Admissions of Plaintiff, Albert J. McCarthy, Under Rule 36.  A copy of McCarthy's Requests for Admissions which includes a complete copy of Marc Jonas's August 2, 2007 e-mail to the Honorable Leon J. Spencer, Mayor of the Borough (an attachment to the Requests for Admissions), is marked as Exhibit "A," attached hereto and incorporated herein.

5.      On March 13, 2008, McCarthy's counsel, Justin J. McCarthy, Esquire, wrote to defendants' counsel, Barbara A. O'Connell, Esquire, outlining the procedural history of this action from its filing in September of 2007 and informed Ms. O'Connell that her 60+ day extension in which to respond to McCarthy's Requests for Admissions would expire by noon on March 20, 2008.  A copy of McCarthy's March 13, 2008 letter to Ms. O'Connell is marked as Exhibit "B," attached hereto and incorporated herein.

6.      At or about 5:27 P.M. on March 20, 2008, Ms. O'Connell faxed Defendants' Response to Requests for Admissions of Plaintiff, Albert J. McCarthy, Under Rule 36 to Justin McCarthy at his office.  A copy of Defendants' Response is marked as Exhibit "C," attached hereto and incorporated herein.

7.      By letter of March 27, 2008, McCarthy's counsel informed defendants' counsel that he intended to challenge the validity of some of the defendants' objections interposed to Plaintiff's Requests for Admissions and/or the sufficiency of many of the defendants' responses to the factual Requests.  The letter identifies 27 of plaintiff's requests for which amended answers, etc. would be sought.  Justin McCarthy's letter of

March 27, 2008 to Barbara O'Connell is marked as Exhibit "D," attached hereto and incorporated herein.

8.      On April 2, 2008, McCarthy's counsel received Defendants' Amended Responses to Plaintiff's Requests for Admissions under Rule 36.  Defendants' Amended Responses are marked as Exhibit "E," attached hereto and incorporated herein.

9.      In the Amended Responses of April 2, 2008 defendants revised only nine of their responses.  These are:  1, 8, 9, 31, 41, 57, 59, 62 and 66.

10.      Notwithstanding Defendants' Amended Responses, McCarthy moves to challenge the sufficiency of defendants' responses and/or objections to Plaintiff's Requests for Admissions Nos. 9, 16, 18, 31, 32, 35, 36, 37, 39, 48, 49, 50, 52, 54, 55, 57, 58, 59, 68, 70, 71, 72, 76 and 78.

11.      McCarthy concedes that he may not by motion attack the inaccuracies and/or lack of veracity of defendants' responses and/or attack those responses for the bad faith demonstrated by defendants there, but observes that the sum and substance of defendants' responses impede, obstruct and inhibit his legitimate attempt to obtain admissions of basic facts and/or the application of law known to defendants as they apply to certain basic facts so as to streamline the trial of this case and to enable this Honorable Court to enter partial summary judgment in his favor under Rule 56.

12.      By way of example, twice in answering Request #1, defendants claim to have "made a reasonable inquiry" about McCarthy's adulthood, citizenship and home address.  In their initial response, defendants state:

> **Defendants have made reasonable inquiry and the information the defendants know or can readily obtain is insufficient to enable them to admit or deny this request.  It is admitted only that during his employment at the Borough of Kennett Square, Albert J. McCarthy informed the Borough of**

**Kennett Square that his residential address was 415 Hessian Drive, Kennett Square, Pennsylvania 19348.**

In their second and amended response, defendants stated:

**Defendants have made reasonable inquiry and the information defendants know or can readily obtain is insufficient to enable them to admit or deny this request.  It is admitted only that Plaintiff Albert J. McCarthy is an adult and, answering defendants have no reason to believe he is not a United States citizen.  It is further admitted only that during his employment at the Borough of Kennett Square, Albert J. McCarthy informed the Borough of Kennett Square that his residential address was 415 Hessian Drive, Kennett Square, PA 19348.**

13.     In defendants' Amended Response to Plaintiff's Request for Admission #1, although admitting for the first time in three attempts that Albert McCarthy is an adult, they aver with regard to his citizenship as follows:  **". . . answering defendants have no reason to believe he is not a U.S. citizen."**  (See Exhibit "D" at R.A. #1).

14.     Defendants, however, actually know that Albert McCarthy could not have been employed by the Borough of Kennett Square as a police officer unless he was a citizen of the United States of America.  Moreover, McCarthy's personnel file contains his birth certificate which reports his birth in Baltimore Maryland on March 29, 1951.

15.     Defendants' coyness in their response to Plaintiff's Request #1 and their amended response is indicative of defendants' desire to hide or obfuscate a pattern of willful violations of law committed in the summer of 2007 when they discharged Chief McCarthy and stigmatized his good name and personal and professional reputation.

16.     On March 20, 2008 and again on April 3, 2008, defendants also most certainly knew that the Borough had issued a Building Permit in 1997 and a Use and Occupancy Permit in 1998 to Chief McCarthy and his wife Cheryl for the construction of

and move into their home at 415 Hessian Drive in the Borough of Kennett Square, Pennsylvania.

17.    On March 20, 2008 and again on April 2, 2008, the defendants knew that from 1998 to the present the Borough has submitted real estate tax bills and water bills to Chief McCarthy and his wife at 415 Hessian Drive.

18.    Beginning in 1998, the Borough of Kennett Square has mailed Chief McCarthy's paychecks and related income tax records to him at his home at 415 Hessian Drive and the annual applications for renewal of licenses for Chief McCarthy's rental properties in the Borough to 415 Hessian Drive.

19.    Notably too, various of plaintiff's Requests for Admissions address the notice requirements towards Chief McCarthy imposed on the Borough by the United States Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985).

20.    At various places in their Responses to Plaintiffs' Requests, defendants claim that the Borough and its Council addressed two of their alleged *Loudermill* notices to McCarthy at 415 Hessian Drive, Kennett Square, that these putative Loudermill Notices were properly served and that they discharge the Borough's pre-termination duties to McCarthy, though after the fact. (Council President Darman had a Kennett Square Patrolman deliver one to 415 Hessian Drive on a Saturday afternoon).

21.    Incredibly, defendants and their counsel simply ignored many of the Borough's official records during the "reasonable inquiry" they claim they conducted before they answered Request #1.

22.    Defendants' lack of candor in their responses violates the letter, purpose and spirit of Rule 36 and is most questionable given their duty under Rule 11, 28 U.S.C.A.

23.    McCarthy addresses defendants' insufficient responses and/or improper and baseless objections to the responses identified in paragraph No. 10, above, in chronological order below.

24.    McCarthy challenges the sufficiency of defendants' answer to Request #16 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 16.  At no time material to this action did the Mayor of the Borough of Kennett Square transfer to or delegate to the Borough Council or to the Borough Manager any of his lawful authority under Section 1121* and/or his Mayoral duties concerning the operation, direction and/or control of Chief McCarthy and the Borough Police Department.
>
> **Response:  Plaintiff's Request No. 16 is objectionable in that it calls for a legal conclusion and violates the scope of Fed. R.Civ.P. 36.  Further, it is based on the erroneous conclusions of law as outlined in Defendants' Responses to Requests Nos. 14 and 15 which are incorporated by reference.  To the extent Request No. 16 alleges facts, they are denied.  The Borough Council had legal authority for all actions taken.**

* Section 1121 is cited in full as 53 P.S. §46121 (as corrected) in Plaintiff's Requests #14 and 15.

25.    Defendants' response to Request #16 as stated above involves the application of law to fact and is not objectionable under Rule 36(a)(1)(A).

26.    McCarthy also notes that in answering Request #16, defendants have failed to admit or deny specifically whether the Mayor of the Borough of Kennett Square did transfer or delegate to Council or the Borough Manager any of his lawful authority as

averred in this request.  In that defendants have failed to specifically deny Request #16, it

is insufficient.  Since defendants fail to answer or explain in detail why they cannot

truthfully admit or deny it, this request should be deemed admitted.

       27.     McCarthy challenges the sufficiency of defendants' answer to Request

#18 and/or moves to set aside defendants' improper and baseless objections to it.  The

Request and Response read as follows:

> Req. 18.  At no time material to Chief McCarthy's claims in this civil action did the defendant Councilmen have authority to suspend, demote and/or remove Chief McCarthy from the office as Chief of Police of the Borough, except in strict compliance with the Police and Firemen Civil Service provisions of the Borough Code* and the Borough of Kennett Square Civil Service Commission Rules and Regulations adopted February 2, 2006 and approved on February 6, 2006 (hereinafter:  "Civil Service Commission Rules").**

> **Response:  Plaintiff's Request No. 18 is objectionable in that it calls for a legal conclusion and violates the scope of Fed. R.Civ. P. 36.  The legal conclusion is also incorrect.  By way of further answer, see Responses to Request Nos. 14, 15, 16 and 17 and which are incorporated by reference.  The extent this Request contains facts, they are denied.  Borough Council had legal authority for all actions taken.**

*Cited in full in Plaintiff's Request No. 9 as 53 P.S.§46171 to 46195, *et seq.*

**According to defendants, these Rules and Regulations were **last revised by the Borough Council on July 16, 2007.**

       28.     Request #18 as stated above involves the application of law to fact and is

not objectionable under Rule 36(a)(1)(A).

       29.     In response to Request #18, defendants again fail to deny specifically its

actual averments and instead simply state a general denial and assert that the Borough

Council had legal authority for all actions taken without stating specifically whether the

defendants complied strictly with the Borough of Kennett Square Civil Service

Commission Rules and Regulations.  Accordingly, defendants' response to Request #18 is insufficient and it should be deemed admitted.

30.     McCarthy challenges the sufficiency of defendants' answer to Request #32 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 32.  As of July 26, 2007, Chief McCarthy had not received any notification that his performance of duty as Chief was unsatisfactory or that there were any grounds to suspend, demote or remove him from office.
>
> **Response:  Denied as stated.  As of June 7, 2007, Plaintiff Albert McCarthy had indicated his intention to resign effective July 31, 2007.  On July 26, 2007, David M. Fiorenza sent a letter via certified, interoffice mail and regular first class mail to Plaintiff Albert McCarthy accepting his retirement effective July 31, 2007.  The July 26, 2007 correspondence is a writing which speaks for itself and any characterization of that writing is denied.**

31.     In Response to Request #32, defendants again fail to deny specifically that before and up to July 26, 2007, Chief McCarthy had not been notified that his performance as Chief of Police was unsatisfactory or that there were any lawful grounds to suspend, demote or remove him from office.  The general denials of the Borough and their claim about an interoffice memo being sent to Chief McCarthy on July 26, 2007 are non-responsive to this Request; therefore, the response is insufficient and Request #32 should be deemed admitted.

32.     McCarthy challenges the sufficiency of defendants' answer to Request #35 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 35.  In the July 26, 2007 letter, the Borough Manager also directed McCarthy to surrender certain Borough property to the

Borough Manager, including all keys, passwords, equipment belonging to the Borough, giving orders to McCarthy that only the Mayor was authorized by law to issue.

**Response:  Objection.  To the extent this Request contains conclusions of law, it is objected to as violative of Fed.R.Civ.P. 36.  The legal conclusion is also incorrect.  The facts alleged are denied as stated.  As of June 7, 2007, Plaintiff Albert McCarthy had indicated his intention to resign effective July 31, 2007. On July 26, 2007, David M. Fiorenza sent a letter certified, interoffice mail and regular first class mail to Plaintiff Albert McCarthy accepting his retirement effective July 31, 2007. The July 26, 2007 correspondence is a writing which speaks for itself and any characterization of that writing is denied.**

33.     Plaintiff's Request #35 is not a legal conclusion.  It is an application of law to fact.  Defendants' denial is general and not specific; therefore, it is insufficient. Since defendants fail to answer or explain in detail why they cannot truthfully admit or deny whether the Mayor authorized the Borough Manager to send the July 26, 2007 letter to McCarthy.  Thus, this request should be deemed admitted.

34.     McCarthy avers further that defendants' response to Request #35 does not deny specifically that the Borough Manager directed McCarthy to surrender certain Borough property to the Borough Manager, etc.  The defendants' general denial is insufficient in that the response does not even address the command given to McCarthy. Hence, Request #35 should be deemed admitted.

35.     McCarthy challenges the sufficiency of defendants' answer to Request #36 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

Req. 36. The Borough Manager stated in his letter of July 26, 2007 that McCarthy remained an employee of the Borough and that position "must be your primary employment up to and including your date of separation on July 31, 2007."

> **Response:  Denied as stated.  As of June 7, 2007, Plaintiff Albert McCarthy had indicated his intention to resign effective July 31, 2007.  On July 26, 2007, David M. Fiorenza sent a letter certified, interoffice mail and regular first class mail to Plaintiff Albert McCarthy accepting his retirement effective July 31, 2007.  The July 26, 2007 correspondence is a writing which speaks for itself and any characterization of that writing is denied.**

36.     In defendants' Response to Request for Admission #36, the defendants fail to specifically deny that the July 26, 2007 letter of the Borough Manager to McCarthy informed McCarthy that he remained an employee of the Borough up to and including July 31, 2007.  Therefore, defendants' response is insufficient and Request #36 should be deemed admitted.

37.     McCarthy challenges the sufficiency of defendants' answer to Request #37 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 37.  On July 30, 2007, Chief McCarthy notified the Borough that he did not intend to retire as Chief but instead would remain in his tenured, permanent position as the Borough's Chief of Police.

> **Response:  Denied as stated.  It is admitted only that a memo dated July 30, 2007 was sent from Plaintiff Albert J. McCarthy to David Fiorenza, Borough Manager, which is a writing that speaks for itself.  Any characterization of the contents of that writing are denied.**

38.     In defendants' Response to Request for Admission #37, they fail to deny specifically that Chief McCarthy notified the Borough on July 30, 2007 that he did not intend to retire but would remain in his tenured, permanent position as Borough Chief of Police.  Defendants' general denial is insufficient and, therefore, Request #37 should be deemed admitted.

39.     McCarthy challenges the sufficiency of defendants' answer to Request #39 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 39.  In a Friday, August 2, 2007, 12:01 P.M. e-mail to Mayor Leon R. Spencer, Jr., Jonas as Borough Solicitor wrote:
>
> Leon – Good to speak to you today.  Please continue your efforts to convince the chief to do the right and the honorable thing-to fulfill his public announcements of his intention to resign-for the benefit of the borough, . . .
> ***
> The special meeting Monday night could result in a decision to terminate**,** demote or suspend the chief, unless he voluntary (sic) steps aside, or unless you take dispositive action before then.  I continue to hope that you can prevail upon the chief, so that you can swear in the lieutenant, as you intended to do yesterday.
>
> At the very least, it is very possible that the chief will be suspended, with pay, . . .
>
> **Response:     Objection.  This Request is objectionable in that it seeks to violate an attorney/client privilege between Mayor Leon R. Spencer, Jr. and Marc Jonas, Esquire, Borough Solicitor.  Further, any characterization of the text of any privileged email communication between Spencer and Jonas is expressly denied as, it is a writing that speaks for itself.  The request is also an incomplete, alleged quotation, from the writing.**

40.     Defendants' objection in Response to Request #39 that Solicitor Jonas's e-mail is protected by the attorney/client privilege is not well founded.  A copy of the e-mail has been in McCarthy's and his counsel's possession as early as September 21, 2007.  McCarthy quoted it in paragraph 48 of the Complaint.  Defendants made no timely objection on any ground to McCarthy's use of it in this action.  Although any objection interposed in September of 2007 to McCarthy's use of the letter would have been

meritless, as of now any objection has been waived. (see complete e-mail attached hereto with Exhibit "A"). Hence, defendants' objection to Request #39 should be overruled.

41. Defendants' additional response to Request #39 that the document is incomplete is not a specific denial and therefore is insufficient within the meaning of Rule 36 and Request #39 should be deemed admitted. Moreover, defendants received a true, correct and complete copy of the e-mail to Mayor Spencer from Solicitor Jonas as an attachment to McCarthy's Requests for Admissions on January 11, 2008.

42. McCarthy challenges the sufficiency of defendants' answer to Request #48 and/or moves to have it deemed admitted. The Request and Response read as follows:

> Req. 48. On or after its public vote on August 6, 2007, defendants never told Chief McCarthy nor did they inform him in writing that they had suspended him from duty or that he was under investigation.
>
> **Response: Denied. At all times during the events surrounding Plaintiff Albert McCarthy's retirement, paid administrative leave, and eventual resignation, he was informed of the progress of and decisions regarding these events.**

43. In Request #48, McCarthy asked that the defendants admit that they did not tell him in writing that he had been **suspended from duty** or that he was under investigation. Actually, the Borough Manager's August 6, 2007 letter advised McCarthy that he was on administrative leave. Simultaneously, the Borough Council voted publicly to suspend McCarthy without telling McCarthy of their action.

44. In response to Request #48, defendants evade its averments of fact and state: "[McCarthy] . . . was informed of the progress of and the decisions regarding these events." These are listed in Fiorenza's letter only as "retirement, paid administrative

leave and eventual resignation."  Defendants fail to deny that they "never told Chief McCarthy" orally or in writing that he was suspended from duty.  In view of the defendants' evasive, non-responsive answer, it is insufficient under Rule 36 and Request #48 should be deemed admitted.

45.     The defendants deny Requests #49 and 50 generally and failed to admit that the August 6, 2007 letter of the Borough Manager to McCarthy reads as follows:

> 49.     In Exhibit D of August 6, 2007, the Borough Manager relieved Chief McCarthy of his "responsibility to report to work. . ." [and ordered him to forward to]     ". . . the Mayor or Lt. Edward Zunino all inquiries and matters related to Police Department Administration or Operations."
>
> **Response:  Denied.  Exhibit "D" is a writing which speaks for itself and all characterizations of said writing are hereby denied.**
>
> 50.     In Exhibit D, the Borough Manager also directed Chief McCarthy [by August 7, 2007]:   ". . . to return to Lieutenant Zunino all Borough property issued to you, including, but not limited to, all keys, passwords, equipment and/or other property issued to you.  This list includes both your gun and your badge" by August 7, 2007 and he instructed him that he was not permitted to hold two full-time jobs, including working for Kennett Township.
>
> **Response:  Denied.  Exhibit "D" is a writing which speaks for itself and all characterizations of said writing are hereby denied.**

46.     Once again, the defendants deny Requests #49 and 50 generally and not specifically by referring to the writing by Manager Fiorenza regarding orders to cease performing his Police Chief duties and turn in his uniform, etc.  Their responses are insufficient and Requests #49 and 50 should be deemed admitted.

47.    McCarthy challenges the sufficiency of defendants' answer to Request #52 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 52. Section 7.4, **"Notice of Action of Charges"** of the CSCRR specifies that the Borough Council had five days following the action it took on August 6, 2007 to provide McCarthy with the reasons for his suspension, an explanation of his appellate rights and to have delivered that statement by personal service or certified or registered mail and to have concurrently filed the charges with the Civil Service Commission of the Borough.  Defendants did not do so.

> **Response:  Denied.  The Borough of Kennett Square Civil Service Commission Rules and Regulations are a writing and the writing speaks for itself.  Any characterization of that writing is denied.  Further, this Request is objectionable in that it calls for a legal conclusion which violated Fed.R.Civ.P. 36. To the extent the Request contains facts, they are denied.  It is expressly denied that any required notice was not issued to Plaintiff.**

48.    Defendants' Response to Request #52 is not a legal conclusion but rather an application of law to fact.  As such, it is not objectionable under Rule 36(a)(1)(A).

49.    Defendants' answer is non-responsive to Request #52 and is not specific. Therefore, the response is insufficient and Request #52 should be deemed admitted.

50.    Defendants in their response to Request #52 also fail to deny specifically that within five days after August 6, 2007 they were to have provided McCarthy with: (1) reasons for his suspension; (2) an explanation of his appellate rights, (3) and whether they delivered to McCarthy a statement by personal service or certified mail and (4) concurrently filed the charges with the Civil Service Commission.  As defendants' denial is general and not specific, their response is insufficient and, therefore, Request #52 should be admitted.

51.     McCarthy challenges the sufficiency of defendants' answer to Request #54 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 54. At no material time prior to August 6, 2007, did the defendants provide Chief McCarthy with a ". . . written statement of any charges made against [him] . . ." as is required by Section 1190 of the Borough Code* and Section 7.4 of Kennett Square's Civil Service Commission Rules, specifying the charges of the Borough Code that Chief McCarthy allegedly violated.

> **Response: Denied.  The Borough of Kennett Square Civil Service Commission Rules and Regulations are a writing and the writing speaks for itself.  Any characterization of that writing is denied.  It is expressly denied that any required notice was not issued to Plaintiff.  Further, this Request is objectionable in that it calls for a legal conclusion which violated Fed.R.Civ.P. 36.  To the extent the Request contains facts, they are denied.  Two Loudermill notices were issued to Plaintiff on August 22, 2007 and September 14, 2007.  The balance of the facts of this paragraph are denied.**

*Cited in plaintiff's Request #21, above, as 53 P.S. §46190.

52.     Defendants' Response to Request #54 is not a legal conclusion.  It is an application of law to fact and as such is not objectionable under Rule 36(a)(1)(A).

53.     Defendants in responding to Request #54 fail once again to deny specifically that at no material time prior to August 6, 2007 was Chief McCarthy provided with written charges consistent with the requirements of law and the Borough's own Civil Service Rules and Regulations as averred in Request #54.  Defendants' answer, however, is actually an admission of the duty owed and that they attempted to discharge it after Council stigmatized McCarthy publicly. Instead, the Borough once more states only that its Civil Service Rules and Regulations are in writing and speak for

themselves.   Defendants' general denial is insufficient and Request #54 should be deemed admitted.

54.     Moreover, defendants vouch of their attempts at compliance with *Loudermill* in two separate, but untimely, notices dated August 22, 2007 and September 14, 2007.   These were issued some 16 days after they had publicly humiliated Chief McCarthy without basis in fact or law at a special, public Borough Council meeting called to take action against McCarthy **because he withdrew his statement of an intent to retire early.**   See paragraphs 37 to 41, above.

55.     McCarthy challenges the sufficiency of defendants' answer to Request #55 and/or moves to set aside defendants' improper and baseless objections to it.   The Request and Response read as follows:

> Req. 55.   At no material time prior to suspending McCarthy from his duties as Chief of Police did the defendants provide McCarthy a pre-termination hearing as required by Section 7.3 of the CSCRR and *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487 (1985).
>
> **Response:   Denied.   The Borough of Kennett Square Civil Service Commission Rules and Regulations are a writing and the writing speaks for itself.   Any characterization of that writing is denied.   It is expressly denied that any required notice was not issued to Plaintiff.   Further, this Request is objectionable in that it calls for a legal conclusion which violated Fed. R.Civ. P. 36.   To the extent the Request contains facts, they are denied.   Two Loudermill notices were issued to Plaintiff on August 22, 2007 and September 14, 2007.   The balance of the facts of this paragraph are denied.**

56.     Defendants' Response to Request #55 is not a legal conclusion.   It is an application of law to fact and, therefore, is not objectionable under Rule 36(a)(1)(A).

57.    In answering Request #55, defendants casually ignore its content. Chief McCarthy avers in Request #55 that defendants did not give him a hearing **before** they suspended him [on August 6, 2007] as was required by Section 7.3 of the CSCRR and *Loudermill*.  The defendants' general denial is, therefore, insufficient and Request #55 should be deemed admitted.

58.    Moreover, that the defendants sent two *Loudermill* notices to McCarthy (which McCarthy rebutted in writing) only **after** the damaging public announcement of his suspension is irrelevant to defendants' failure to afford him a *Loudermill* hearing before August 6, 2007 and notice of charges in writing, a hearing, a right to counsel, etc. before August 22, 2007 as the Borough's CSCRR revised on **July 16, 2007** require.

59.    McCarthy challenges the sufficiency of defendants' Amended Response to Request #57.  The Request and Amended Response read as follows:

>    Req. 57. On August 6, 2007, the Borough and defendant Councilmen had no grounds within the meaning of Section 1190 of the Borough Code to suspend McCarthy from his duties as Chief of Police.
>
>    **Response:  Denied.  Responses to Request Nos. 51 through 55[sic] are incorporated by reference.**
>
>    **Amended Response:  Denied.  Responses to Request Nos. 51 through 55[sic] are incorporated by reference.  By way of further answer, Plaintiff had been advised of his administrative leave with pay in writing on or about August 6, 2007 and was subsequently issued two Loudermill notices dated August 22, 2007 and September 14, 2007.**

60.    McCarthy incorporates by reference herein paragraphs 47 to 56 of this motion and notes that defendants' Amended Response to Request #57 contains another specific statement of fact to which the defendants do not respond, that is, that on or before August 6, 2007, the Councilmen did not have grounds under Section 1190 of the

Borough Code to suspend McCarthy. *Cf.* 53 P.S. §46190.  Accordingly, defendants' non-response to Request #57 is insufficient and Request #57 should be deemed admitted.

61.    McCarthy challenges the sufficiency of defendants' answer to Request #58 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 58. The defendant Councilmen violated McCarthy's rights under Section 1191 of the Borough Code by failing to provide him with an opportunity to request a hearing before the Borough Civil Service Commission and by failing to provide him written charges, if any there were, to allow him an opportunity to respond in writing to those charges and to appear at a hearing before the Borough Civil Service Commission within 10 days of the filing of the charges in writing, to be present at the hearing in person and to be represented by legal counsel.
>
> **Response:  Denied.  Responses to Request Nos. 51 through 55 [sic] are incorporated by reference.  Plaintiff received all notices, and all opportunities to be heard required by law.**

62.    In reply to defendants' response to Request #58, McCarthy incorporates by reference herein paragraphs 47 to 56, above.

63.    In Request for Admission #58, McCarthy seeks an admission that the Borough failed to provide him with an opportunity to request a hearing, written charges if any there were, an opportunity to respond to those charges and to appear before the Borough Civil Service Commission within 10 days of filing the charges and to be present at the hearing and there to be represented by counsel.  Defendants completely ignore these detailed averments of fact set forth there and issue a general denial while parenthetically but less than candidly claiming that "plaintiff received all notices, and opportunities to be heard required by law." (Presumably, defendants ineffably boast: "McCarthy, you got all the rights you're going to get.") Their answer is non-responsive

18

and is, thus, insufficient within the meaning of Rule 36 and Request #58 should be admitted.

64.     McCarthy challenges the sufficiency of defendants' answer to Request #68 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 68. Jonas and Deon had actual knowledge on and before June of 2007 the specific requirements of Sections 7.2, 7.3 and 7.4 of the CSCRR as it applied to the suspension, removal and/or demotion of a tenured police officer such as Chief McCarthy.
>
> **Response:  Denied.  The Responses to Request Nos. 51 through 55 [sic] are incorporated by reference.  By way of further denial, this Request's characterization of the legal requirements of the Borough of Kennett Square Civil Service Commission Rules and Regulations is expressly denied.  All facts of this paragraph are further denied.**

65.     McCarthy incorporates by reference his averments contained in paragraphs #51 through 55 [sic] and paragraphs 47 to 56 of this motion as if fully set forth at length herein. Once again, defendants fail to specifically deny the statements contained in Request #68 and therefore their response is insufficient and Request #68 should be deemed admitted.

66.     McCarthy challenges the sufficiency of defendants' answer to Request #70 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 70.  Jonas and Deon knew or should have known on and before August 6, 2007 that the Borough Council had failed to comply with the provisions of the Borough Code and the CSCRR as they applied to the defendant Council's unanimous, public vote to suspend Chief McCarthy from his duties that day.
>
> **Response: Denied.  The Responses to Request Nos. 51 through 55 [sic] are incorporated by reference.  By way of further denial, this Request's characterization of the legal requirements of the Borough**

19

**of Kennett Square Civil Service Commission Rules and Regulations is expressly denied.  All facts of this paragraph are further denied.**

67.     In his challenge to the sufficiency of defendants' response to Request #70, McCarthy incorporates by reference paragraphs 47 to 56 of this motion as if fully set forth at length herein.

68.     Further, in responding to Request #70, defendants ignore the factual assertions set forth there, issue a general denial and fail to specifically deny that the Borough's lawyers, Jonas and Deon, knew before August 6, 2007 that the Borough Council and the Borough itself had failed to comply even minimally with the Borough Code and the Borough's own regulations ("CSCRR").   The general denials are insufficient and, therefore, Request #70 should be deemed admitted.

69.     McCarthy challenges the sufficiency of defendants' answer to Request #71 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 71.  On and before June 2007, Jonas and Deon knew that Chief McCarthy could not be suspended, removed or reduced in rank unless the Civil Service Provisions of the Borough Code for Police and Firemen and the CSCRR were complied with strictly.
>
> **Response:  Denied.  The Responses to Request Nos. 51 through 55 [sic] are incorporated by reference.  By way of further denial, this Request's characterization of the legal requirements of the Borough of Kennett Square Civil Service Commission Rules and Regulations and the Borough Code are expressly denied.   All facts of this paragraph are further denied.**

70.     In his challenge to the sufficiency of defendants' response to Request #71, McCarthy incorporates by reference paragraphs 47 to 56 of this motion as if fully set forth at length herein.   Further, in Request #71, defendants again ignore its factual

assertions as to the state of knowledge of Jonas and Deon on or before June 2007.

Therefore, defendants' responses are insufficient and should be deemed admitted.

71.     McCarthy challenges the sufficiency of defendants' answer to Request

#72 and/or moves to set aside defendants' improper and baseless objections to it.  The

Request and Response read as follows:

> Req. 72.  On and before August 6, 2007, Jonas and Deon knew that Chief
> McCarthy was entitled to an actual name-clearing hearing before the
> Borough Council could vote to suspend him from his official duties.
>
> **Response.  Denied.  The Responses to Request Nos. 51 through 55 [sic]
> are incorporated by reference.   By way of further denial, this
> Request's characterization of the legal requirements of the Borough
> of Kennett Square Civil Service Commission Rules and Regulations is
> expressly denied.  All facts of this paragraph are further denied.**

72.     In his challenge to response #72, McCarthy incorporates by reference his

averments contained in paragraphs 47 to 56 of this motion as if fully set forth at length

herein.

73.     Furthermore, in Request #72, defendants ignore McCarthy's factual

assertions, i.e. that Jonas and Deon actually knew of McCarthy's entitlement to a name

clearing hearing under *Loudermill* and the Borough's CSCRR on and before August 6,

2007 and simply deny them generally.  Thus, their response is insufficient and Request

#72 should be deemed admitted.

74.     McCarthy challenges the sufficiency of defendants' answer to Request

#74 and/or moves to set aside defendants' improper and baseless objections to it.  The

Request and Response read as follows:

> Req. 74.  At all material times, the defendant Councilmen, Solicitor Jonas
> and Assistant Solicitor Deon acted both individually, in concert and as
> willful participants in an effort to suspend Chief McCarthy on August 6,
> 2007.

> **Response.  Denied.  The Responses to Request Nos. 51 through 55 [sic] are incorporated by reference.  By way of further denial, this Request's characterization of the legal requirements of the Borough of Kennett Square Civil Service Commission Rules and Regulations is expressly denied.  All facts of this paragraph are further denied.  To the extent this Request states legal conclusions, it is objected to as violative of Fed. R. Civ. P. 36.**

75.    Defendants' Response to Request #74 is not a legal conclusion.  It is an application of law to fact and as such is not objectionable under Rule 36(a)(1)(A).

76.    In challenging defendants' response to Request #74, McCarthy incorporates by reference his averments in paragraphs 47 to 56 of this motion as if fully set forth at length herein.  In Response to Request #74, defendants ignore McCarthy's factual assertions that Jonas and Deon acted individually and in concert and willfully participated in efforts to suspend McCarthy and instead deny them generally. Thus, defendants' response is insufficient and Request #74 should be deemed admitted.

77.    McCarthy challenges the sufficiency of defendants' answer to Request #76.  The Request and Response read as follows:

> Req. 76.  Defendants, Jonas and Deon, knew or should have known on and after August 6, 2007 that neither the Borough Manager nor the President of Council had the authority under the Borough Code and the laws of the Commonwealth of Pennsylvania to issue orders to Chief McCarthy concerning the manner in which or the time at which he would perform his duties.

> **Response:  Denied as stated.  It is admitted only that Solicitor and Defendant Jonas advised the Borough Council and Borough Manager with respect to Albert McCarthy.  The balance of the facts of this paragraph are denied.**

78.    In response to Request #76, defendants ignore the factual assertions set forth there and issue a general denial.  Defendants do not answer specifically whether Jonas and Deon knew that the Borough Manager and Borough Council President lacked

authority to issue orders to Chief McCarthy as set forth in Request #76.  Therefore, defendants' responses are insufficient and Request #76 should be deemed admitted.

79.     McCarthy challenges the sufficiency of defendants' answer to Request #78 and/or moves to set aside defendants' improper and baseless objections to it.  The Request and Response read as follows:

> Req. 78.  Defendants knew or should have known that the August 6, 2007 suspension of Chief McCarthy was approved in violation of the laws of the Commonwealth of Pennsylvania and the Borough CSCRR and that by suspending him or concluding that the suspension could be imposed, they had violated Chief McCarthy's rights to substantive and procedural due process of law.
>
> **Response.  Denied.  The Responses to Request Nos. 51 through 55 [sic] are incorporated by reference.  By way of further denial, this Request's characterization of the legal requirements of the Borough of Kennett Square Civil Service Commission Rules and Regulations and laws of Commonwealth of Pennsylvania is expressly denied.  All facts of this paragraph are further denied.   To the extent this paragraph contains legal conclusions, it is violative of Fed. R.Civ. P. 36.**

80.     Request #78 as stated involves the application of law to fact and is not objectionable under Rule 36(a)(1)(A).

81.     In his challenge to response #78, McCarthy incorporates by reference averments contained in paragraphs 47 to 56 of this motion as if fully set forth at length herein.  Furthermore, in Request #78, defendants ignore McCarthy's factual assertions set forth there concerning Jonas's and Deon's actual knowledge of Pennsylvania law and the Borough's CSCRR and issue a general denial.  Therefore, defendants' response is insufficient and should be deemed admitted.

## CERTIFICATION PURSUANT TO F.R.C.P. 37(a)(1)

82.     Plaintiff certifies that before filing the instant motion, counsel for the parties conferred by phone in an attempt to obtain defendants' withdrawal of certain objections to Plaintiff's Requests for Admissions and/or to provide more sufficient answers to certain of those Requests.

83.     In a March 27, 2008 letter to defendants' counsel, plaintiff sought the withdrawal of objections and/or to receive supplemental responses to his Requests #8, 9, 16, 18, 31, 32, 35, 36, 37, 39, 41, 48, 49, 50, 52, 54, 55, 57, 58, 59, 62, 68, 70, 71, 72, 76 and 78.

84.     On April 3, 2008, in response to plaintiff's request for amended responses, defendants submitted revised responses to only nine of its answers.  The Amended Responses were to Requests #1, 8, 9, 31, 41, 57, 59, 62 and 66.

85.     In light of defendants' Amended Responses, plaintiff in this motion does not challenge defendants' final responses to Requests #8, 9, 31, 41, 51, 62 and 66.

86.     Despite conferring and attempting to reach a resolution of the dispute over the contested requests, counsel could not do so.  Accordingly, 23 of defendants' Responses to Plaintiff's Requests for Admissions are challenged in this motion.

Respectfully submitted,

_____
JUSTIN J. McCARTHY, ESQUIRE
  Attorney for Plaintiff
The Commons at Lincoln Center
118 John Robert Thomas Drive
Exton, PA  19341
610-363-6104

24