```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALBERT J. MCCARTHY,                  :
                                     :
              Plaintiff,             :   CIVIL ACTION
                                     :
      v.                             :   No. 07-cv-3958
                                     :
JEFFREY S. DARMAN, et al,            :
                                     :
              Defendants.            :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                          **June 16, 2008**

Presently before this Court is Plaintiff's Motion to Determine the Sufficiency of Defendants' Response to Requests for Admissions of Plaintiff Albert J. McCarthy, under Rule 36(a)(6) (Doc. No. 11) and Defendants' Response thereto (Doc. No. 16). For the reasons set forth below, Plaintiff's Motion is DENIED in all respects.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 36 "is intended to limit, to the extent practicable, issues that need to be proven at trial. The purpose of Requests for Admission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial." Guinan v. A.I. duPont Hosp. for Children, No. 08-228, 2008 WL 938874 at *1 (E.D. Pa. Apr. 7,

1

2008) (citations omitted).  The Rule provides that "[a] party may serve upon any other party a written request to admit, for purpose of the pending action only, the truth of the matters within the scope of Rule 26(b)(1) relating to:  (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a). This Court has held that Requests for Admissions "are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case."  First Options of Chicago, Inc. v. Wallenstein, No. 92-5770, 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996) (citations omitted).  However, this Court has qualified its position by holding that Requests for Admission calling for conclusions of law and relating to facts of the case are "properly objectionable" when they call "for a conclusion of one of the ultimate issues in the case."  Ghaxerian v. The United States of America, No. 89-8900, 1991 WL 30764, at * 2 (E.D. Pa. Mar. 5, 1991).  Rule 36 is not a discovery device, but rather "a procedure for obtaining admissions for the record of facts already known."  Id. at *1 (citations omitted).  "It would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts."  Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Auth.,

2

234 F.R.D. 1, 1 (D.D.C. 2006) (citations omitted).  Describing the proper form of Requests for Admission, the Third Circuit has stated:

> Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification.  A request for admission, except in the most unusual circumstance, should be such that it could be answered yes, no, the answered [sic] does not know, or very simple direct explanation be given as to why he cannot answer, such as in the case of privilege. . . .  Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.

Levito v. Hussman Food Service Co., Victory Refrigeration Div., 1991 WL 21608, at *1-2 (E.D. Pa. Feb. 13, 1991) (quoting United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 967 (3d Cir. 1988)).  Furthermore, "[p]laintiffs may not present . . . a broad and non-specific request for admissions of facts."  In Re Bell Atlantic Corp. Sec. Litig., 1996 WL 47970, at *1 (E.D. Pa. Feb. 2, 1996) (citations omitted).

"Once a party has answered or objected to a response, the requesting party may seek a judicial determination of the sufficiency of the answers and/or the propriety of any objections."  Guinan, 2008 WL 938874 at *1.  In evaluating the sufficiency of the answers/objections, the court should consider (1) whether the denial fairly meets the substance of the Request;

(2) whether good faith requires that the denial be qualified; and (3) whether any "qualification" which has been supplied is a good faith qualification.  Id. at *1.  In considering the sufficiency of responses, this Court has found that "[a]nswers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the essential truth contained therein are impermissible and must be amended." Guinan, 2008 WL 938874 at *1 (citing Caruso v. Coleman Co., 1995 WL 347003, at *3 (E.D. Pa. June 7, 1995)).

## DISCUSSION

The requests and responses at issue here can be grouped into three categories.  We first consider the form of Requests for Admissions Nos. 9, 70, 71, and 39, concluding that these requests are non-specific and therefore improper.  We next consider the form of Requests for Admission Nos. 16, 18, 57, 58, 72, 76 and 78, concluding that they seek conclusions of law and are therefore improper.  Finally, we consider the form of Defendants' responses to Plaintiff's Request Nos. 32, 35, 36, 37, 48, 49, 50, 52, 54, 68 and 74, concluding that Defendants' denials of these responses are sufficient.

### I. *Non-Specific Requests*

We first consider the form of Requests for Admissions Nos.

4

9, 70, 71, and 39, concluding that these requests are non-specific and therefore improper.

In Request Nos. 9, 70 and 71, Plaintiff seeks admissions of Defendants' knowledge of various bodies of law governing Plaintiff McCarthy's employment status, suspension, removal or reduction in rank.  We find these Requests to be "broad and non-specific" because Plaintiff does not specify which provisions of the enumerated bodies of law to apply.  Bell Atlantic Corp., 1996 WL 47970, at *1.  We add that Plaintiff failed to present a specific challenge to the insufficiency of the response to Request No. 9 in his Motion.  Because these Requests are overly-broad, Defendants are unable to give a "simple and concise" response without an explanation pointing to various provisions of the law and indicating whether or not they had knowledge of those provisions.  United Coal, 839 F.2d at 967.  We therefore deny Plaintiff's motion with respect to Request Nos. 9, 70 and 71.

Next, Plaintiff's Request No. 39, is simply an excerpt from an email, preceded by the introduction, "In a Friday, August 2, 2007, 12:01 P.M. e-mail to Mayor R. Spencer, Jr., Jonas as Borough Solicitor wrote . . . ."  (P. Mot. p. 11).  Defendants object to this Request on the grounds of attorney/client privilege.  Plaintiff has not explained the nature of the relationship between the Mayor and the Borough Solicitor from the Motions filed, and we are therefore unable to properly assess the

merits of this objection.  However, we find that the form of Request No. 39 is impermissible within the Third Circuit's articulation of the proper form for Requests for Admission.  To reiterate the Third Circuit standard, "[a] request for admission, except in the most unusual circumstance, should be such that it could be answered yes, no, the answered [sic] does not know, or very simple direct explanation be given as to why he cannot answer, such as in the case of privilege." United Coal, 839 F.2d at 968.  Request No. 39 cannot be answered in the manner described because it is entirely unclear what Plaintiff is requesting.  In other words, Request No. 39 is improperly "broad and non-specific." Bell Atlantic Corp., 1996 WL 47970, at *1.  Furthermore, Plaintiff has apparently edited the version of the email he presents in Request No. 39., and Defendants sufficiently denied this characterization of the content of the email, which was essentially stripped of its surrounding context.  In sum, Defendants' response to Request No. 39 was sufficient.

## II.  *Requests Calling for Conclusions of Law*

We next consider the form of Requests for Admission Nos. 16, 18, 57, 58, 72, 76 and 78, concluding that they seek conclusions of law and are therefore improper.

In Request Nos. 16, 18, 57 and 58, Plaintiff seeks admissions: (1) that at no time material to this action did the

6

Mayor of the Borough of Kennett Square transfer or delegate to the Borough Council or Borough Manager any of his lawful authority or duties relevant to the action (Request No. 16); (2) that Defendants at no time had the authority to suspend, demote and/or remove Chief McCarthy from the office as Chief of Police of the Borough (Request No. 18); that Defendants had no grounds within the meaning of §1190 of the Borough Code to suspend Plaintiff from his duties as Chief of Police (Request No. 57); and that Defendants violated Plaintiff's rights under the same provision by failing to provide him with certain procedural requirements (Request No. 58).  In order to respond to these Requests, Defendants would be required to draw legal conclusions as to (1) what the Mayor's legal authority encompasses; (2) what authority employees occupying the positions occupied by Defendants command with respect to the suspension, demotion and/or removal of Plaintiff McCarthy; (3) which grounds, under §1190 of the Borough Code, are appropriate for suspension of an employee in Plaintiff's position; and (4) which procedural requirements, under §1190 of the Borough Code, are called for when an employee in Plaintiff's situation is suspended, demoted and/or removed from office.  We find that these Requests unacceptably call for legal conclusions relating to the legal authority of the parties to this action.  These types of conclusions of law go to the heart of this case," and thus they

7

are the proper basis for objection.  Ghaxerian,1991 WL 30764, at * 2 (Requests for Admission calling for conclusions of law and relating to facts of the case are "properly objectionable" when they call "for a conclusion of one of the ultimate issues in the case").  Accordingly, we find that Defendants' responses to Request Nos. 16, 18, 57 and 58 were sufficient.

Next, in Request No. 72, Plaintiff seeks admission that Defendants knew Plaintiff McCarthy was entitled to an actual name-clearing hearing before the Borough Council voted to suspend him from his official duties.  Defendants rightly object that this request calls for a legal conclusion.  Request No. 72 is impermissible because it demands that "the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts."  Disability Rights Council, 234 F.R.D. at 1.  The operative fact in this case is whether or not the Defendants had knowledge of the alleged entitlement, but responding to this inquiry would require Defendants to draw a legal conclusion as to whether or not Plaintiff McCarthy was entitled to an actual name-clearing hearing.  Accordingly, Defendants' response to Request No. 72 was sufficient.

Finally, in Request Nos. 76 and 78, Plaintiff seeks admission that Defendants had knowledge of the legal authority of various actors to issue orders to Plaintiff McCarthy, and the legal requirements regarding approval of Plaintiff's suspension

8

and Plaintiff's rights to substantive and procedural due process of law.  Defendants responded by objecting that this Request calls for a conclusion of law.  We first find that both Requests are non-specific because they do not point to specific provisions of the governing law, instead broadly referencing the Borough Code, the laws of the Commonwealth of Pennsylvania, and the Borough CSCRR.  See In Re Bell Atlantic, 1996 WL 47970, at *1.  Furthermore, we find that Request Nos. 76 and 78 seek legal conclusions as to what the authority of the Borough Manager and the President of Council constitutes, and what the laws governing suspension from duties and procedural and substantive due process dictate.  Because they are non-specific and because we find that they seek conclusions of law, Defendant's objection was proper and the responses to Request Nos. 76 and 78 were sufficient.

### III. *Responses Constituting Proper Denials*

Lastly, we evaluate Defendants' responses to Plaintiff's Request Nos. 32, 35, 36, 37, 48, 49, 50, 52, 54, 68 and 74, concluding that Defendants' denials of these requests are sufficient.

In evaluating the sufficiency of the answers/objections, the court should consider (1) whether the denial fairly meets the substance of the Request; (2) whether good faith requires that the denial be qualified; and (3) whether any "qualification"

9

which has been supplied is a good faith qualification.  Lorenzo, 1990 WL 83388, at *1.  This Court has held that "where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response, often sufficient in and of itself under [Rule 36]." Koprowski v. Straight Arrow Publishers, Inc., 1993 WL 444552, at *2 (E.D. Pa. Aug. 25, 1993) (citing United Coal, 839 F.2d at 967).  Qualification of a response to a Request for Admission is generally permitted "if the statement, although containing some truth, . . . 'standing alone out of context of the whole truth . . . convey[s] unwarranted and unfair inferences.'" Flanders v. Claydon, 115 F.R.D. 70, 72 (D. Mass. 1987) (quoting Johnstone v. Cronlund, 25 F.R.D. 42, 44 (E.D. Pa. 1960)).  "Though qualification may be required where a request contains assertions which are only partially correct," a responding party may not make "disingenuous, hair-splitting distinctions whose unarticulated goal is to unfairly burden an opposing party." Thalheim v. Eberheim, 124 F.R.D. 35, 35 (D. Conn. 1998)(citations omitted).

In Request Nos. 32, 48 and 74, Plaintiff seeks admission (1) that Plaintiff McCarthy had not received any notification that his performance of duty as Chief was unsatisfactory or that there were grounds to suspend, demote or remove him from office; (2) that Defendants never told McCarthy, in writing or orally, that they had suspended him from duty or that he was under

investigation; and (3) that certain named Defendants acted as willful participants in an effort to suspend Plaintiff McCarthy, both individually and in concert.  Defendants deny each of these Requests as stated, and then qualify their denials with additional facts and references to enumerated legal provisions.

We need not evaluate the sufficiency of the further qualifications Defendants provide because "a denial by itself would have been sufficient, and the additional qualifications, while arguably superfluous with respect to the requirements of the rule, do not undermine the sufficiency of defendants' denials."  Id.  We do not find that good faith requires any qualification of these denials, nor do we find that the qualifications that Defendants did provide, though superfluous, were in bad faith or were disingenuous or hair-splitting. Thalheim v. Eberheim, 124 F.R.D. at 35.  We nevertheless note that Defendants' further qualification by providing additional counter-facts did not detract from the sufficiency of the denial. Plaintiff may dispute Defendants' response, and may not even like it, but those feelings alone are not a reason to deem discovery responses to be insufficient.  In sum, Defendants' responses to Request Nos. 32, 48 and 74 are sufficient.

For the same reasons, we deem Defendants' denials of Requests Nos. 36, 37, 49 and 50 to be sufficient.  Furthermore, we note that in Request Nos. 49 and 50, it was proper for

11

Defendants to deny the Plaintiff's characterizations of the writings contained in Exhibit D, particularly as those passages were deprived of surrounding context.  Defendant's responses to Requests No. 36, 37, 49, and 50 include denials supported by the position that the writings referenced in the Requests "speak for themselves."  Generally, this Court has found that it is inappropriate for a response to assert that a writing implicated in the Request for Admission "speaks for itself."  Guinan, 2008 WL 938874, at *5.  "A party is not free to simply refer to other material, but must admit, deny, deny in part and admit in part, or state that it is unable to admit or deny the statement."  Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., No. 88-9752, 1992 WL 394425 at *10 (E.D. Pa. Dec. 28, 1992).  Though they did assert that certain writings "speak for themselves," Defendants also denied the requests themselves, and these denials were sufficient.  Saying that any writing "speaks for itself" was an arguably superfluous qualification on the denial of the statements made in the writings.  Therefore, we need not address whether, in these instances, the phrase "writing speaks for itself" is a sufficient response.

Defendants' responses to Request Nos. 52, 54, and 68 are also sufficient, for essentially the same reasons as above.  In Request Nos. 52 and 54, Plaintiff seeks admission that Defendants did not comply with specified provisions of the CSCRR and the

Borough Code requiring that Plaintiff McCarthy be provided with written statements of any charges made against him and of the reasons for his suspension, as well as an explanation of his appellate rights.  Defendants provided denials to those Requests, and for the reasons explained above those denials were sufficient responses.  To the extent that those Requests sought a response to the content of the laws being referenced, Defendants' objections were well-founded.  Accordingly, Defendants' denial of Request No. 68[1] was also sufficient, because Defendants provided a denial to that request which incorporated their responses to Request Nos. 51 through 55.

Finally, we also find Defendants' denial of Request No. 35 to be sufficient, and that this Request improperly seeks a legal conclusion.  In Request No. 35, Plaintiff first seeks admission that the Borough Manager directed McCarthy to surrender certain Borough property in a letter dated July 26.  In response to this part of the request, Defendant denies the facts as alleged.  Defendant supports this denial by stating that the correspondence is a writing which speaks for itself and denying any characterization of that writing.  Once again, those denials in themselves were sufficient.  In the second part of Request No. 35, Plaintiff seeks admission that, in directing Plaintiff

---

[1] In Request No. 68, Plaintiff seeks admission that Defendants had actual knowledge of §§7.2, 7.3 and 7.4 of the CSCRR.

13

McCarthy to surrender certain Borough property, the Borough Manager gave orders that only the Mayor was authorized to issue. Because this asks Defendants to draw a legal conclusion as to which orders the Mayor was authorized by law to issue, we find that the second part of Request No. 35 impermissibly calls for a conclusion of law on a contested issue.  Because Defendants' denial is sufficient and because this Request seeks a conclusion of law, we find that Defendants' response to Request No. 35 is sufficient.

## CONCLUSION

Because Plaintiff has made either non-specific requests or requests that call for legal conclusions by Defendants, and because Defendants have provided sufficient denials to the remaining requests, we refuse to strike Defendants' responses and Defendants need not provide amended responses to Plaintiff's Requests for Admission.  We find that Defendants' responses on the whole are sufficient and accordingly, to the extent that Plaintiff's Rule 36 Motion is requesting that we strike Defendants' responses, Plaintiff's motion is DENIED.[2]

---

[2] We also take this opportunity to note the borderline vexatiousness of Plaintiff's Rule 36 Motion, which challenged a total of twenty-four of Defendants' responses to Plaintiff's eighty-one Requests for Admission.  It does not appear to the Court that with the Requests for Admission at issue in this Motion, Plaintiff has any intention of establishing certain "material facts as true," Guinan, 2008 WL 938874 at *1, or "obtaining admission for the record of facts already known," Ghaxerian, 1991 WL 30764, at * 2.  Rather, many, if not most of the requests that we have dealt with here clearly appear

An Order follows.

---

intended solely to induce Defendants into admitting wholesale liability. Plaintiff should be aware that the discovery process is not a mechanism for harassing or intimidating the opposing party into admitting liability. The parties are hereby on notice that under Rule 11 of the Federal Rules of Civil Procedure, we have the discretion to levy sanctions against any party that uses the discovery process to this end.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT J. MCCARTHY, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 07-cv-3958 |
| JEFFREY S. DARMAN, et al, | : |
| Defendants. | : |

### ORDER

AND NOW, this 16TH day of June, 2008, upon consideration of Plaintiff's Motion to Determine the Sufficiency of Defendants' Response to Requests for Admissions of Plaintiff Albert J. McCarthy, under Rule 36(a)(6) (Doc. No. 11) and responses thereto, it is hereby ORDERED that all of Defendants' responses are sufficient and, to the extent Plaintiff is requesting that we strike those responses pursuant to Rule 36(a)(6), Plaintiff's Motion is DENIED.

BY THE COURT:

S/J. CURTIS JOYNER
J. CURTIS JOYNER, J.