IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT MCCARTHY, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 07-cv-3958 |
| JEFFREY S. DARMAN, et al., | : |
| Defendants. | : |

### MEMORANDUM AND ORDER

Joyner, J.                                                      September 9, 2009

This dispute has been brought before the Court on Defendants' Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988. For the reasons articulated below, Defendants' Motion for Attorneys' Fees (Doc. No. 65) shall be DENIED.

### Background

This dispute centers around the end of Plaintiff's employment as Chief of Police for the Borough of Kennett Square ("the Borough"). The facts have been set forth in detail in this Court's Memorandum granting Summary Judgment to Defendants, and only a brief overview will be provided here.

Plaintiff began his employment as a police officer for the Borough in 1973, and became Chief of Police in 1988. His employment continued uninterrupted until 2007, when the Borough and the Township of Kennett ("the Township") ended their longstanding contract for police services. While still employed

1

by the Borough, Plaintiff began negotiating with the Township, and eventually accepted an offer to establish a police department for the Township. On June 7, 2007, Plaintiff informed the Borough that he would be retiring effective July 31, 2007, and would begin his new employment with the Township on August 1, 2007. Due to a disagreement over the terms of separation, however, Plaintiff attempted to withdraw his retirement on July 30. Following this decision, the Borough Council placed Plaintiff on paid administrative leave, effective August 6. Plaintiff ultimately resigned his position with the Borough on September 21, 2007.

Plaintiff then filed suit in this Court under 42 U.S.C. § 1983, alleging a denial of his Substantive and Procedural Due Process rights under the Fourteenth Amendment of the Federal Constitution, and also asserting numerous state law claims against Defendants. Defendants were granted Summary Judgment on all of Plaintiff's federal claims, and the state law claims were dismissed with leave to file in state court in a Memorandum and Order issued by this Court on June 24, 2009. The case is now before the Court on Defendants' Motion for Attorneys' Fees.

## Standard

42 U.S.C. § 1988 allows a court to award attorneys' fees to the prevailing party in a § 1983 case. Defendants in a § 1983 action are eligible to recover attorneys' fees under § 1988, but

2

a prevailing defendant must meet a more stringent standard than a prevailing plaintiff in order to do so. Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 157-58 (3d Cir. 2001). A prevailing defendant should only be awarded attorneys' fees if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).[1]

The Third Circuit has articulated several factors that should be considered when determining whether a claim was frivolous, including "whether the plaintiff established a prima facie case, the defendant offered to settle, the trial court dismissed the case prior to trial or the case continued until a trial on the merits." Barnes, 242 F.3d at 158. In addition, the court should consider whether the issues litigated were ones of first impression, and what the real risk of the alleged injury was to the plaintiff. Id. Each case must be decided individually, however, and these factors are "guidelines, not strict rules." Id. at 161. "[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not

---

[1] The same standard is applied in both Title VII and § 1983 cases when determining whether to award attorneys' fees. Hughes v. Rowe, 449 U.S. 5, 14 (1980). Cases discussing attorneys' fees under one statute can, therefore, be used in interpreting the other. Sullivan v. Pa. Dep't of Labor & Indus., 663 F.2d 443, 447 n.5 (3d Cir. 1981).

3

ultimately prevail, his action must have been unreasonable or without foundation." Christianburg, 434 U.S. at 421-22.

## Discussion

Although Defendants prevailed on Summary Judgment against all of Plaintiff's § 1983 claims, they have not shown that the claims were frivolous, and, therefore, an award of attorneys' fees would be improper. Plaintiff had four main constitutional claims in this case: a Substantive Due Process claim in his property right as Chief of Police; a Substantive Due Process claim in his liberty right in his reputation; a Procedural Due Process claim in his property right as Chief of Police based on the Borough's Civil Service Code; and a Procedural Due Process claim in his liberty interest in his reputation under a "stigma-plus" theory. Each will be considered in turn below.

Plaintiff's Substantive Due Process claims are the only two that can be described as frivolous. Starting by looking at the legal landscape, it is clear that neither of these claims present issues of first impression and that existing precedent does not support Plaintiff's claims. It is a well-established principal that Substantive Due Process only protects fundamental rights in cases of non-legislative action, and Third Circuit precedent unequivocally states that a tenured civil servant does not have a fundamental right in his employment, Hill v. Borough of Kutztown, 455 F.3d 225, 235 n.12 (3d Cir., 2006); Nicholas v. Pa. State

4

Univ., 227 F.3d 133, 142-43 (3d Cir., 2000), or in his reputation, Hill, 455 F.3d at 235 n.12.

In addition to the legal issues not being matters of first impression, Plaintiff did not establish a prima facie case, and did not even make an effort to structure his claim around the prima facie elements of a Substantive Due Process claim. Plaintiff did not attempt to argue that his property or liberty interests were fundamental rights, nor did he attempt to address the legal authorities cited by Defendants that held that such interests were not fundamental rights that could be protected by Substantive Due Process. Instead, Plaintiff merely continued to baldly assert that he had a fundamental right in his employment and in his reputation, as if repetition would make it so.

Looking at the remaining factors, there was no discussion of a settlement, the case did not survive to a trial on the merits, and the harm about which Plaintiff complained centered more around a denial of process rather than an infringement on a substantive right. Ultimately, Plaintiff's claims were decided before a trial on the merits, he never established a prima facie case of a Substantive Due Process claim, and there was contrary legal precedent directly on point in the Third Circuit on both issues. All of these combined lead to a conclusion that Plaintiff's Substantive Due Process claims were frivolous.

Plaintiff's claim that he was deprived of his property right

5

in his position as Chief of Police without due process, on the other hand, was not frivolous. Although the Court also granted Summary Judgment for Defendants on this claim, the issue was much closer. Again, the weight of precedent was against Plaintiff. On this claim, however, even though Plaintiff was not successful in convincing the Court that his argument was correct, he tried to extend the Supreme Court's holding in <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532 (1985), and the Third Circuit's decision in <u>Dee v. Borough of Dunmore</u>, 549 F.3d 225 (3d Cir. 2008), to cover his case.

In addition, Plaintiff did set forth a prima facie case of a Procedural Due Process violation by identifying a protected property interest that allegedly was taken from him without sufficient process. Looking at the merits of Plaintiff's claim, the factors considered under the <u>Mathews</u>[2] balancing test are extremely fact specific, and it cannot be said that Plaintiff's request for a pretermination hearing under the Due Process Clause was frivolous. Plaintiff presented numerous facts in an attempt to establish that he had a strong interest in his property right and that the risk of erroneous deprivation was high. In this way, Plaintiff made a reasonable argument framed around a prima

---

[2]<u>Mathews v. Eldridge</u>, 424 U.S. 319, 334 (1976), establishes the standard for Procedural Due Process cases. The court must weigh the Plaintiff's interest in the procedure against the government's interest and the ability of additional procedures to decrease the risk of erroneous deprivation of the protected right. <u>Id.</u>

facie case of a procedural due process violation, even if it was not one with which the Court ultimately agreed.

Finally, the Court spent over one-third of its twenty-seven page Memorandum granting Summary Judgment examining and discussing Plaintiff's Procedural Due Process claim in his property interest, which militates against a finding that this claim was frivolous. Plaintiff set forth a reasonable argument grounded in legal precedent and based around a prima facie case of a denial of Procedural Due Process. With this background, Defendants have not shown that an award of attorneys' fees would be justified.

Turning, lastly, to Plaintiff's Procedural Due Process claim in regard to his liberty interest in his reputation, this also was not frivolous. Whether this was an issue of first impression is irrelevant as Plaintiff's failure in this claim was not legal, but factual. Although Plaintiff made a claim that was grounded within precedent and did manage to state a prima facie case, he was unable to offer any evidence of the falsity of statements, as required under the "stigma-plus" standard. When this failure to offer evidence was coupled with Defendant's evidence to the contrary, no genuine issue of material fact remained for trial. Under these circumstances, it cannot be said that Plaintiff's claim was frivolous, unreasonable, or groundless, but rather only that his claim was unsupported by evidence sufficient to survive

7

a motion for Summary Judgment.

To summarize, Plaintiff's Substantive Due Process claims were frivolous, but his Procedural Due Process claims were not. Given that, as a whole, the Procedural Due Process claims were far more central to Plaintiff's complaint and constituted the vast majority of both Plaintiff's and Defendants' pleadings, an award of attorneys' fees to Defendants in this case is inappropriate.

## Conclusion

Defendants' Motion for Attorneys' Fees is DENIED for the reasons set forth above. An appropriate order follows.